**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STUDENT DOE, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civ. No. 13-4756 |
| | : | |
| COLLEGIUM CHARTER SCHOOL, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| S.F., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civ. No. 13-6599 |
| | : | |
| COLLEGIUM CHARTER SCHOOL, | : | |
| Defendant. | : | |

## O R D E R

Plaintiffs S.F. (a minor and former Collegium student) and L.F. (her mother) brought § 1983 and Title IX claims against Defendant after S.F. was sexually assaulted by a classmate.   (Doc. No. 6); 42 U.S.C. § 1983; 20 U.S.C. § 1620.   I dismissed the § 1983 claims and the Title IX sexual harassment claim for failure to plead an adequate claim for relief.   (Doc. No. 20.)   I did not dismiss the Title IX retaliation claim, however, because Plaintiffs pled sufficient facts to survive the Rule 12 stage.   (Id.)

On July 29, Plaintiffs' Counsel, David Arnold, moved to withdraw because he "believed a settlement had been reached in principal" on July 28.   (Doc. No. 27.)   I granted his Motion, and Plaintiffs are now represented by Gerald Berkowitz.   (Doc. Nos. 39, 42.)   On September 2, 2014, Defendant moved to enforce the settlement agreement it had allegedly reached with Mr. Arnold on July 28.   (Doc. No. 40; Case No. 13-6599, Doc. No. 36.)   I referred this Motion to Judge Rice for a Report and Recommendation.

After entertaining briefing and holding an evidentiary hearing on September 29, Judge Rice recommended against enforcing the agreement.   (Case No. 13-4756, Doc. No. 49.)   He found that although the Parties appeared to come to an agreement at approximately 11:30 a.m. on July 28,

1

Defense Counsel minutes later demanded the addition of new contract terms, which constituted a counter-offer that Plaintiffs had not accepted.   (Id. at 6-7.)   Judge Rice also found that the Parties had not reached a binding agreement because, as required by Local Rule 41.2(a), the Court had not yet approved the settlement of S.F.'s claims.   (Id. at 7); Local Rule 41.2(a) ("No claim of a minor . . . shall be . . . settled . . . unless approved by the court.").

Defendant objected to both findings, contending that (1) the Parties reached an oral settlement agreement before the Parties sent emails clarifying and adding to the agreement; and (2) the agreement is binding, even though the Court has yet to approve the settlement pursuant to Local Rule 41.2(a). (Doc. No. 50.)   I do not agree.

I will **OVERRULE** these objections, and **APPROVE and ADOPT** the Report and Recommendation.   28 U.S.C. § 636(b)(1) (upon reviewing objections *de novo*, district court may "accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations").

**AND NOW**, this 2nd day of April, 2015, upon consideration of Defendant's Motion to Enforce, the Report and Recommendation, and all related filings, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 49) is **APPROVED and ADOPTED**;

2. Defendant's Motion to Enforce (Case No. 13-4756, Doc. No. 40; Case No. 13-6599, Doc. No. 36) is **DENIED**;

3. The Parties shall have until **May 4, 2015** to complete discovery on Plaintiffs' remaining claim; and

4. Trial is in this matter is scheduled for **May 5, 2015**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

April 2, 2015                                              Paul S. Diamond, J.